No. 3806

Second Circuit

CARSON v. STEPHENS

(July 5, 1930. Opinion and Decree.)
(July 31, 1930. Rehearing Refused.)

John T. Campbell, of Minden, attorney for plaintiff, appellee.

Allen S. Drew, of Minden, attorney for defendant, appellant.

WEBB, J. H. O. Carson, plaintiff, a building contractor, entered into a contract with Jack Gladney, a negro, to furnish the material and construct a dwelling house and shop for Gladney at a fixed price to be paid on completion of the work,

and, in compliance with his obligation, Carson was proceeding with the work, when Gladney advised him not to continue.

In the present action, Carson alleged that S. E. Stephens, defendant, had unlawfully and maliciously interfered, causing Gladney to breach the contract, by threatening Gladney with personal violence, and plaintiff prayed for judgment against Stephens for the value of the material and labor used by him in the work which had been done and the profit which he would have made on the contract.

Defendant excepted that the petition failed to state a cause of action, which was overruled, and he answered pleading, in effect, a general denial. On trial judgment was rendered in favor of plaintiff for the cost of labor used in the work, and defendant appeals, urging that the evidence failed to establish that he had made any threats of violence against Gladney or that Gladney had breached the contract due to any action of defendant.

The evidence established that when defendant learned for whom the work was being done he called upon several of the residents living in the neighborhood who, with plaintiff, called on Gladney, defendant being the spokesman; and while the evidence does not show any direct threat of violence was made, or that Gladney was even requested not to have the work continued, the record reflects, we think, with certainty that Gladney was made to understand he would not be permitted to use the building after the completion, either as a residence or shop, and that Gladney cancelled the contract in the belief that he would not be permitted to use the property for the purpose for which it was to be constructed, which the record does not indicate was an unlawful purpose.

While it is true that the evidence does not show that defendant bore any malice towards plaintiff, or that the action was intended to cause plaintiff damage, it is certain that plaintiff had a property right in the contract which was breached as the direct result of defendant's alleged interference, and plaintiff was entitled to recover the actual damages resulting from defendant's illegal action (Sandlin v. Coyle, 143 La. 121, 78 So. 261, L.R.A. 1918D, 389, and authorities there cited; R. C. L. vol. 15, pp. 52 et seq.).

The judgment appealed from is therefore affirmed.

DREW, J., recused.