**KAISER ALUMINUM & CHEMICAL CORPORATION, Plaintiff-Appellant,**

v.

**MARSHLAND DREDGING COMPANY, Inc., Defendant-Appellee.**

No. 71-3042
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 2, 1972.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

F. W. Middleton, Jr., Baton Rouge, La., for plaintiff-appellant.

James H. Daigle, New Orleans, La., E. Leland Richardson, Baton Rouge, La., George B. Matthews, New Orleans, La., for defendant-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Claiming diminishment of its gas supply caused by Marshland's fracture of the underwater line of its supplier, Sugar Bowl Gas Company, Kaiser sued Marshland for consequential damages. From an adverse summary judgment for Marshland, Kaiser appeals. We affirm.

The facts are undisputed. A barge owned by Marshland Dredging, while engaged in cleaning an outfall canal entering the Mississippi under a contract with Humble Oil, dropped a heavy anchor which punctured a high pressure gas pipeline owned and operated by Sugar Bowl Gas Company. This puncture caused immediate interruption of gas fuel service to Kaiser's production plant located a short distance north of the point where the pipeline was damaged, resulting in shutdown expenses and production losses of $170,229, for which Kaiser seeks recovery. The gas fuel was being supplied to Kaiser under contract by Sugar Bowl Gas.

In granting summary judgment, the trial judge relied primarily on Robins Dry Dock & Repair Co. v. Flint, 1927, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290, that "as a general rule, * * * a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong." 275 U.S. at 309, 48 S.Ct. at 135.

We agree that recovery by Kaiser is precluded as a matter of law because there is (1) no contention that the interference with Kaiser's contract rights was intentional; (2) no evidence that Marshland had knowledge of the ex-istence of the contract between Kaiser and Sugar Bowl Gas, and (3) no showing of facts, by affidavit or otherwise, in opposition to the motion for summary judgment, sufficient to create a genuine issue for trial, of anything more than merely the negligent interference with contract rights. See Fed.R.Civ.P. 56(e).

Affirmed.