291 So.2d 829 (1974)
Louis C. MESSINA d/b/a New Orleans Boxing Club
v.
SHERATON CORPORATION OF AMERICA et al.
No. 6086.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1974.
John J. Cummings, III, Sidney F. Rothschild, T. A., Edwin A. Stoutz, Jr., New Orleans, Rhett M. Powers, Metairie, for plaintiff-appellant.
Mouton, Roy, Carmouche, Hailey, Bivins & McNamara, H. D. McNamara, Jr., Metairie, for defendants-appellees.
Before GULOTTA and MORIAL, JJ., and MARCEL, J. Pro Tem.
GULOTTA, Judge.
Plaintiff seeks reversal of a dismissal of his claim for damages as a result of the forced cancellation of a boxing match scheduled for August 18, 1969.
Plaintiff was the promoter of a boxing match which was to have Beau Jaynes in the feature event. Hotel accommodations for the athletes were provided by plaintiff with the defendant as was their usual procedure. At approximately 7:30 p.m. the night before the fight, Jaynes injured his hand in his room at the Sheraton Charles when a Venetian blind collapsed as he was adjusting it. The following day, after inspection of the hand by a physician, the *830 Louisiana State Athletic Commission canceled the fight causing the cancellation of the entire card. Plaintiff sues defendant hotel to recover his lost revenue.
Plaintiff contends that his loss is the direct and proximate result of the negligence of defendant and thus should be given recovery under LSA-C.C. art. 2315. Defendant, on the other hand, argues that the damage, if any, allegedly suffered by plaintiff is a result of the cancellation of the card because of injury to a third party (Beau Jaynes, the boxer) by defendant hotel's alleged negligence and does not allow a recovery by plaintiff against defendant. According to defendant, while Beau Jaynes might have an action ex delicto against defendant, plaintiff cannot sue in contract for damages as a result of the cancellation of the boxing card because of the boxer's alleged negligent injury.
We agree. Accordingly, we affirm.
The case of Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228 (1957), is clearly dispositive of the instant case. In Forcum-James, plaintiff had a contract with the State Department of Highways to maintain a temporary bridge over Bayou LaFourche. The defendant's truck damaged the bridge in crossing and plaintiff sued to recover the cost of repair under LSA-C.C. art. 2315. The Supreme Court in dismissing plaintiff's suit concluded the State of Louisiana was the owner of the bridge, and in such instance no action lies in favor of plaintiff contractor in tort or in contract.
The court stated:
"It is a basic principle of the law that a tort-feasor is responsible only for the direct and proximate result of his acts and that, where a third person suffers damage by reason of a contractual obligation to the injured party, such damage is too remote and indirect to become the subject of a direct action ex delicto, in the absence of subrogation."
The plaintiff contends, however, that Forcum-James is distinguishable. He argues Forcum-James relies on the rationale of Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed 290 where charterers of a steamship sued to recover for the loss of use of the steamer against the Robins Dry Dock Company which was responsible for the delay in the dry dock. The Supreme Court, in reversing the Court of Appeal, held that plaintiffs had not shown a right of action. The court stated:
"The injury to the propeller was no wrong to the respondents but only to those to whom it belonged. But suppose that the respondent's loss flowed directly from that source. Their loss arose only through their contract with the owners and while intentionally to bring about a breach of contract may give rise to a cause of action, * * * no authority need be cited to show that, as a general rule, at least, a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong. * * *" (emphasis ours)
Plaintiff reasons that since defendant in the instant suit had knowledge of the contract (unlike Robins Dry Dock case), he is entitled to recovery. We fail to find merit in this contention. Contrary to plaintiff's argument, the court in both cases (Forcum-James and Robins Dry Dock) held the plaintiff's claim was too remote to be deemed the direct and proximate result of defendant's negligence.
It is clear from the jurisprudence that recovery is allowed when an intentional tort has been committed;[1] however, plaintiff *831 has cited no authority, nor can we find any, which allows recovery in a case such as the instant one absent intentional injury.
Under the circumstances of this case, plaintiff clearly failed to state a right of action. Accordingly, we fail to find error in the trial court's judgment maintaining the exception of no right of action. The judgment is affirmed.
Affirmed.
NOTES
[1] See Carson v. Stephens, 129 So. 381 (La. App.2nd Cir. 1930), where a plaintiff contractor was awarded a judgment for loss of income resulting from the cancellation of a building contract. In that case, cancellation was caused because of threats made by defendant against the party for whom the building was being constructed.