302 So.2d 316 (1974)
BAUGHMAN SURGICAL ASSOCIATES, LTD.
v.
AETNA CASUALTY & SURETY CO.
No. 9848.
Court of Appeal of Louisiana, First Circuit.
October 14, 1974.
*317 Paul M. Hebert, Jr., and Van R. Mayhall, Jr., Baton Rouge, for appellant.
William A. Norfolk, Baton Rouge, for appellee.
Before SARTAIN, J., and BAILES and LaHAYE, JJ. pro tem.
BAILES, Judge Pro Tem.
This suit is the companion to Baughman v. Aetna Casualty & Surety Company, et al, No. 9924 on the docket of this Court decided this date. See: 302 So.2d 312.
Plaintiff brought this direct action against the defendant as the insurer of Dr. William O. Vennard to recover certain alleged damage it sustained as a result of injuries to Dr. Charles H. Baughman, for physical damages and depreciation to its vehicle which was involved in the collision, and for the rental cost of a replacement vehicle while its vehicle was being repaired. The trial court allowed $500.00 for depreciation in value caused by the damages, and $400.00 for rental of a replacement vehicle. All other claims for damages were denied. Prior to trial, defendant paid plaintiff for the physical damages to its vehicle.
No complaint is made by plaintiff in this appeal of the quantum of the award for depreciation or of the award for rental cost of a replacement vehicle. As defendant has neither appealed nor answered the appeal, the award for these items of damages is affirmed.
Sometime prior to the accident which gave rise to this action, Dr. Charles H. Baughman, in connection with Dr. Leo Farmer, formed a professional medical corporation under the provisions of LSA-R.S. 12:901 et seq. The plaintiff is this corporation. Dr. Baughman was injured in a collision on May 11, 1972, with a vehicle driven by Dr. William O. Vennard. As a result of these injuries, as well as other injuries sustained in an unrelated prior accident, Dr. Baughman was allegedly incapacitated to practice medicine for a period of time. The duration of disability need not be determined herein.
For a cause of action, inter alia, plaintiff alleges that because of these injuries Dr. Baughman was unable to practice his profession as a surgeon for plaintiff for a period of eight months, or more. In other words, Dr. Baughman, an employee of plaintiff, was unable to work for plaintiff for a period of time.
In its petition, plaintiff itemizes its damages as follows: Loss of patients, $20,000; loss of billings and potential income, $16,000; office overhead which had to be paid on lease of premises, $3,200; and office overhead for personnel, $6,000.
In its reasons for judgment, the trial court, inter alia, stated:
"No recovery can be granted plaintiff as to its claims for loss of Dr. Baughman's services.
"In Article 2315 recovery is limited to the direct and proximate results of a tort-feasor's *318 acts. Where a third person suffers damages, such damage is too remote to become the subject of a direct action in tort.
"* * *."
Plaintiff has not cited us to any prior jurisprudence of this State which extends LSA-C.C. Article 2315 to include the recovery herein sought. In fact, plaintiff acknowledged that there is no precedent for recovery of such claims. None of the cases cited by plaintiff are apropos to the instant case.
Plaintiff argues that for the same reasons as the courts have recognized that corporations have an insurable interest in its officers and key personnel, this Court should recognize that the loss of services of Dr. Baughman has a value to the plaintiff which is a direct and proximate loss to plaintiff. We do not find this analogy persuasive.
The possible loss of key personnel to employers through tortious or natural causes is ever present. An employer is permitted under our law to contract with insurers for protection against such losses, but the recovery ex delicto is restricted to those included within the law.
In Pellegrin v. Hebert, La.App., 107 So.2d 853, this Court disallowed the plaintiff's claim for damages for the loss of the services of an employee because of the tortious conduct of the defendant. The employer was seeking to recover $200.00 for having to perform the duties of the incapacitated employee. The trial court had disallowed the claim and we affirmed, reasoning that it was too speculative.
In the case of Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228 (1957), the plaintiff was under contract to maintain a certain highway bridge. The defendant negligently damaged the bridge in the transportation of an overload. Plaintiff sued defendant to recover the cost of repair. In denying plaintiff recovery on its claim, the Supreme Court held:
"* * *
"Since we find that the bridge belonged to the Department of Highways, it would seem to necessarily follow that plaintiff is without a right of action exdelicto against the defendants as the alleged quasi offense damaged only one piece of property and gave rise to but one right and cause of action in favor of the party sustaining the damage, State of Louisiana, through the Department of Highways. However, it is plaintiff's position that, since it was obligated to maintain the bridge and became contractually responsible for the repairs, it has sustained injury as a consequence of defendant's fault and is, therefore, entitled to reimbursement under the comprehensive provisions of Article 2315 of the Civil Code.
"This postulate cannot be maintained. It is a basic principle of the law that a tortfeasor is responsible only for the direct and proximate result of his acts and that, where a third person suffers damage by reason of a contractual obligation to the injured party, such damage is too remote and indirect to become the subject of a direct action exdelicto, in the absence of subrogation. (citations omitted) * * * Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 48 S.Ct. 134, 135, 72 L.Ed. 290. In that case, Justice Holmes remarked that `* * * no authority need be cited to show that, as a general rule, at least, a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong. * * * The law does not spread its protection so far.'
"Even the board language used in Article 2315 of our Code (the court by footnote quoted from Article 2315: `Every *319 act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; * * *.') does not justify a departure from the above stated doctrine. Indeed, to permit a person to proceed against a wrongdoer in every instance where such person has sustained damage by reason of his contractual obligation to the injured party would open the door to the prosecution of claims for damages indirectly and remotely connected with the tortious act and encourage a multiplicity of suits from which numerous conflicts of interest might ensue. * * *."
We find such damages as claimed by plaintiff and rejected by the trial court to be too remote, too speculative and evasive to prove and are merely consequential of the accident, and are not included within the purview of LSA-C.C. Article 2315.
For the foregoing reasons, the judgment appealed is affirmed at appellant's cost.
Affirmed.