333 So.2d 431 (1976)
Philip DESORMEAUX, Plaintiff and Appellant,
v.
CENTRAL INDUSTRIES, INC., et al., Defendants and Appellees.
No. 5449.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1976.
Rehearing Denied June 30, 1976.
Writ Refused September 29, 1976.
*432 Pugh, Buatt, Landry & Pugh by Lawrence G. Pugh, Jr., Crowley, for plaintiff-appellant.
Mouton, Roy, Carmouche, Hailey, Bivens & McNamara by John Bivens, Lafayette, for defendants-appellees.
Before HOOD, CULPEPPER and PAVY, JJ.
CULPEPPER, Judge.
Plaintiff seeks damages for loss of part of his rice crop caused by his inability to secure water from his father. His father had contracted to furnish plaintiff water through an irrigation system that ran under a road. The defendant, a contractor employed by South Central Bell Telephone Company to bury a telephone cable along the road, broke the culvert through which the water flowed. The district judge sustained an exception of no cause of action on the basis that plaintiff cannot recover from the tort-feasor whose negligence caused plaintiff's father to be unable to perform his contract to furnish plaintiff water. Plaintiff appealed.
The decisive issue is whether the trial judge properly sustained the exception of no cause of action.
Plaintiff leases 46 acres of land on which he raises rice. The rent is one-fifth of the crop. He has a contract with his father who furnishes the necessary water and receives one-fifth of the crop. The water is furnished through an irrigation system of canals and ditches owned by the father, who also supplies other farmers with water. The ditch leading to plaintiff's field passes through a concrete culvert under a road.
In 1973, South Central Bell contracted with defendant, Central Industries, Inc. for laying of a telephone cable to a depth of 36 inches along the road. In November of 1973, while digging the trench to bury the cable, defendant negligently broke the culvert.
*433 Though the fracture of the culvert occurred in November of 1973, it was not until March of 1974, when plaintiff needed water to flood his rice crop for that year, that the damage was discovered. Plaintiff's father contacted South Central Bell, and they in turn contacted the defendant contractor concerning the problem. In mid-April of 1974, defendant attempted to patch the broken culvert with a sheet of tin covered with concrete, but this did not hold. Finally, in mid-June, plaintiff and his father removed the culvert from the ground and replaced the two broken links with new ones. This was successful.
In 1974, plaintiff obtained a yield of only 10.84 barrels of rice per acre. He contends that he would have harvested about 29 barrels per acre had it not been for the failure of his water supply.
The trial judge, apparently believing the exception at issue to be one of "no right of action", referred it to the merits. The exception was based upon the rule of law that a "tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong." Robins Drydock & Repair Company v. Flint, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927). After trial on the merits, the district judge found the quoted rule to be applicable to the facts presented in the instant case. In his written reasons for judgment, the trial judge stated: "Were it not for the contract, plaintiff would have no claim whatsoever to the water supply which was interrupted by defendants' negligence." The judge sustained the exception of no "right" of action and dismissed plaintiff's suit.
LSA-C.C.P. Article 927(5) provides for the peremptory exception of "No right of action, or no interest in the plaintiff to institute the suit." Clearly, the plaintiff in the present suit has the legal capacity to sue, and he has a pecuniary interest in the damaged crop. He therefore has a "right of action." Babineaux v. Pernie-Bailey Drilling Company, 261 La. 1080, 262 So.2d 328 (1972).
The question presented by the exception at issue here is whether plaintiff has a "cause of action" against this particular defendant. LSA-C.C.P. Article 927; Babineaux v. Pernie-Bailey Drilling Company, supra. LSA-C.C.P. Article 931 provides that "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." The trial judge erred in referring this exception to the merits. However, where an exception of no cause of action is referred to the merits without objection, and evidence is introduced at the trial without objection, that evidence may be considered by the court in deciding the exception. Bielkiewicz v. Rudisill, 201 So.2d 136 (3rd Cir. 1967).
As previously stated, the judge dismissed the suit on the basis that the only damages suffered by plaintiff arose out of the contractual relationship between plaintiff and the injured party. This concept was first espoused in Robins Drydock & Repair Company v. Flint, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927). There the court held that where the owner had placed a ship in dry dock for repairs, and the repairs were delayed due to the negligence of the dry dock, the charterer of the ship had no cause of action against the dry dock for the profits which the charterer might have earned from the use of the ship during the delay. The court noted that but for the contract between the charterer and the ship owner, the negligence of the dry dock in delaying the ship would have caused no harm to the charterer.
The Robins rule has been followed by Louisiana courts and by Federal courts applying Louisiana law. See Forcum-James Company v. Duke Transportation Company, 231 La. 953, 93 So.2d 228 (La. 1957); Kaiser Aluminum & Chemical Corporation *434 v. Marshland Dredging Company, 455 F.2d 957 (5th Cir. 1972); Baughman Surgical Association, Ltd. v. Aetna Casualty & Surety Company, 302 So.2d 316 (1st Cir. 1974); Messina v. Sheraton Corporation of America, 291 So.2d 829 (4th Cir. 1974); In Re Lyra Shipping Company, Ltd., 360 F.Supp. 1188 (E.Dist.La.1973); J. Ray McDermott & Company v. S. S. Egero, 453 F.2d 1202 (5th Cir. 1972). See also Prosser, Law of Torts, 4th Ed. Sec. 129 for a general discussion of the rule and its application in other states.
Counsel for plaintiff-appellant urges the instant case is distinguishable. He suggests first that in this case plaintiff's damage would have ensued regardless of the existence of a contractual relationship between plaintiff and his father. Second, he urges that in this case, unlike Robins and its progeny, plaintiff has a vested interest in the thing damaged. Third, he urges that in the instant case the damage to this particular plaintiff was foreseeable by the alleged tort-feasor and that therefore recovery should be allowed.
We cannot agree. However, in order to adequately consider plaintiff's arguments it is necessary to examine pertinent jurisprudence.
In Forcum-James Company v. Duke Transportation Company, supra, plaintiff had a contract with the State to rebuild a bridge and to erect and maintain a temporary bridge during construction. Defendant's employee negligently damaged the temporary bridge while traversing it in an overloaded truck. Plaintiff repaired the bridge and sued defendant for the cost of repairs. The Louisiana Supreme Court affirmed the trial court's dismissal of the suit on an exception. The decision explains the rule and its rationale as follows:
"It is a basic principle of the law that a tort-feasor is responsible only for the direct and proximate result of his acts and that, where a third person suffers damage by reason of a contractual obligation to the injured party, such damage is too remote and indirect to become the subject of a direct action ex delicto, in the absence of subrogation. See Foret v. Board of Levee Com'rs of Orleans Levee Dist., 169 La. 427, 125 So. 437, citing, among other authorities, Sutherland on Damages, Vol. I, p. 127. And see also D. R. Carroll & Co. v. New Orleans, J. & G.N.R. Co., 26 La.Ann. 447. This appears to be the general rule, to which the Supreme Court of the United States has given its stamp of approval. Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 48 S.Ct. 134, 135, 72 L.Ed. 290. In that case, Justice Holmes remarked that `* * * no authority need be cited to show that, as a general rule, at least, a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong. * * * The law does not spread its protection so far.'
"Even the broad language used in Article 2315 of our Code does not justify a departure from the above stated doctrine. Indeed, to permit a person to proceed against a wrongdoer in every instance where such person has sustained damage by reason of his contractual obligation to the injured party would open the door to the prosecution of claims for damages indirectly and remotely connected with the tortious act and encourage a multiplicity of suits from which numerous conflicts of interest might ensue."
In Kaiser Aluminum & Chemical Corporation v. Marshland Dredging Company, supra, the defendant Dredging Company had negligently punctured a high pressure gas pipeline owned by Sugar Bowl Gas Company which, under contract with plaintiff, supplied gas fuel service to plaintiff's plant. Defendant's motion for summary judgment was granted under the rule of Robins.
*435 In Messina v. Sheraton Corporation of America, supra, a boxer was injured when a venetian blind collapsed in his motel room. The Court of Appeal, Fourth Circuit, held that plaintiff, who had a contract with the boxer to promote a match in New Orleans, had no cause of action against the defendant motel, citing Forcum-James and Robins.
From these cases, it is clear that plaintiff-appellant's first argument is without merit. Plaintiff's damages would not have occurred in the absence of a contract whereby his father agreed to supply irrigation water. It matters not that had this contract not been confected, plaintiff may have arranged to obtain water from some other source had one been available. In this case, plaintiff in fact contracted to receive water from his father. Had that contract not been in existence, plaintiff would have suffered no loss.
We also find no merit in plaintiff's argument that the Robins rule does not apply because he had a vested interest in the rice crop. The facts are that at the time the damage occurred to the culvert in November of 1973, plaintiff's rice crop had not even been planted. He had no vested interest in it. Additionally, even assuming plaintiff had a vested interest in the rice crop at the time of the tort, the negligent act of defendant caused no direct damage to the crop. The damage to the crop was caused by the inability of plaintiff's father to perform his contract to supply plaintiff with water.
Neither do we believe that "foreseeability" is a distinguishing factor here. The damage to plaintiff's rice crop was certainly as foreseeable as the damage to the ship charterer in Robins, the damage to whoever had to repair the bridge in Forcum-James, and the damage to those who received gas from the broken pipeline in Kaiser Aluminum.
The Robins rule has been adopted by our Louisiana Supreme Court and is still the law of this state. We are aware that the rule has been criticized. See 1 F. Harper and F. James, The Law of Torts, Section 6.10 at 5.01 through 505 (1956); 88 Hav.L.Rev. 444 (1974); Prosser, supra at 940; Federal Commerce & Navigation Company, Ltd. v. M/V Marathonian, 392 F.Supp. 908 (So.Dist.N.Y.1975). Nevertheless, we are bound by the established jurisprudence of our Supreme Court.
Of course, plaintiff had a remedy, but he chose not to follow it for personal reasons. He could have sued his father who had contracted to supply him with irrigation water. The father in turn could have sued the tort-feasor for damage to the culvert and any damages he suffered by reason of the fracture.
For the reasons assigned, the judgment of the district court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.
PAVY, J., concurs.