SCHOTT, Judge.
Plaintiff has appealed from the dismissal of her suit on exceptions.
On December 22, 1977, plaintiff’s fiance was killed in the explosion of a grain elevator owned and operated by Continental Grain Company, Inc., at Westwego. The couple was to have been married on December 30, 1977.
Named as defendants were Continental Grain Company, Inc., the manager of its Westwego plant, two of its other executive officers, their insurer and three independent contractors providing service to the company. Damages were for loss of companionship and consortium, pain, suffering, and mental anguish, and for loss of support.
Exceptions titled lack of procedural capacity and no right of action were filed by several of the defendants on the ground that plaintiff was not within the class survivors entitled to bring suit under LSA-C.C. Art. 2315. The exceptions were maintained and plaintiff’s suit was dismissed as to these defendants.
*656 Plaintiff seems to acknowledge that she has no right to pursue a wrongful death action on her own behalf or to maintain a survival action derived from the decedent’s claim. She contends, however, that she is entitled to assert her claim against Continental, its executive officers and insurer (hereinafter referred to as appellees) based on allegations that they committed intentional torts causing the explosion, the death of her fiance and the damages she sustained from a broken contract of marriage. Thus, the issue on appeal is whether the petition states a cause of action which we consider on our own motion pursuant to LSA-C.C.P. Art. 927.
Annexed to and made part of the petition is a copy of a citation issued on May 16, 1978, to Continental for numerous violations of the United States Occupational Safety and Health Act of 1970 on the basis of an inspection begun after the explosion and completed on May 11, 1978. In this connection plaintiff alleged that the causes of the explosion were the intentional and/or negligent failure to act by the individual appellees as to the things shown in the citation along with other deficiencies, and the individual appellees intentionally and/or negligently failed to act with the active knowledge that this substantially increased the risk of harm to plaintiff’s fiance.
In Forcum-James Co., Inc. v. Duhe Transportation Co., 231 La. 953, 93 So.2d 228 (1957), the Court stated:
“It is a basic principle of the law that a tort-feasor is responsible only for the direct and proximate result of his acts and that, where a third person suffers damage by reason of a contractual obligation to the injured party, such damage is too remote and indirect to become the subject of a direct action ex delicto, in the absence of subrogation. . . . ”
‡ sfc ⅜ ⅝: ⅝ sjt
“Even the broad language used in Article 2315 of our Code does not justify a departure from the above stated doctrine. Indeed, to permit a person to proceed against a wrongdoer in every instance where such person has sustained damage by reason of his contractual obligation to the injured party would open the door to the prosecution of claims for damages indirectly and remotely connected with the tortious act and encourage a multiplicity of suits from which numerous conflicts of interest might ensue. Parties situated in plaintiff’s position can readily protect themselves by obtaining from the injured person a conventional subrogation of the latter’s rights and, thus, the tort-feasor can be made to respond for the direct and foreseeable consequences of his act in a single suit.”
In Forcum-James, the plaintiff was seeking to recover damages which he incurred because of contractual obligations it owed to the party injured by the tort feasor. The same principle has been applied to prevent recovery against the tort feasor who negligently caused injury to a third person and thereby prevented him from performing his contractual obligations to plaintiff. Baughman Surgical Assoc., Ltd. v. Aetna Cas. & Sur. Co., 312 So.2d 316 (La.App. 1st Cir. 1976); Messina v. Sheraton Corp. of America, 291 So.2d 829 (La.App. 4th Cir. 1974). Similarly, in Desormeaux v. Central Industries, Inc., 333 So.2d 431 (La.App. 3rd Cir. 1976) writ denied 337 So.2d 225, plaintiff had no cause of action against the tort feasor who negligently damaged a culvert preventing a third person from performing his contractual obligations to plaintiff to provide irrigation.
It is plaintiff’s position that the line of cases referred to might be controlling if appellees were charged only with negligence but her allegations of intentional torts by appellees bring her case within the purview of Kernan v. Humble, 51 La.Ann. 389, 25 So. 431 (1899) and its progeny, Sandlin v. Coyle, 143 La. 121, 78 So. 261 (1918) and Carson v. Stephens, 14 La.App. 272, 129 So. 381 (2nd Cir. 1930). Kernan and Sandlin were instituted by land owners whose share-cropper tenants were terrorized by the defendants and were thus driven off plaintiffs’ land. As a result plaintiffs suffered immediate and direct losses to their *657 crops for which they were entitled to recover. In Carson a building contractor was allowed to recover his loss of profits from a contract which was aborted by the owner as a result of threats of personal violence against the owner by defendant if he moved into the completed building.
These three cases are readily distinguishable from the instant case. They involved intentional criminal acts of personal violence against plaintiffs’ obligors which naturally and foreseeably caused direct losses to the plaintiffs. In the instant case the use of the word “intentional” in plaintiff’s allegations does not supply the facts necessary to bring her case within the cited jurisprudence. We cannot read the petition to mean that appellees deliberately caused the explosion and/or killed plaintiff’s fiance-thereby causing her damage.
A fair reading of plaintiff’s petition is that an ex post facto investigation by OSHA inspectors prompted them to cite Continental for safety violations; appellees had the duty to correct the conditions described in the citation; and their breach of this duty caused the explosion. These are allegations of negligence which, if proven, would warrant recovery for damages directly caused by such negligence. But they do not state a cause of action for the indirect and remote damages claimed by plaintiff. This result is consistent with the Forcum-James case and its progeny.
The judgment dismissing plaintiff’s suit is affirmed.
AFFIRMED.