491 So.2d 78 (1986)
Howard G. PETERSON, (Individually and as Administrator of his Natural Minor Children, Howard G. Peterson, Jr. and Deanna Lynn Peterson), Ruth Peterson, and Peterson's Air Conditioning and Refrigeration, Inc.
v.
WESTERN WORLD INSURANCE COMPANY, et al.
No. CA 85 0593.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
*79 John S. Thibaut, Jr., Baton Rouge, for plaintiff.
Kenneth E. Barnette, Baton Rouge, for defendant.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
This is an appeal by plaintiff, Peterson's Air Conditioning and Refrigeration, Inc. (Peterson's Air Conditioning), from a judgment sustaining the peremptory exception of no cause of action filed by defendants, West Feliciana Hunting Club, Inc. and Western World Insurance Company.
On October 2,1982, Howard G. Peterson, the president and sole shareholder of Peterson's Air Conditioning, was injured while performing routine maintenance upon certain water pipes attached to a water tower owned by the defendant hunting club. Mr. Peterson fell from the tower when a board that was not secured to the tower gave way when he placed his foot on it.
Mr. Peterson filed suit on September 30, 1983, seeking damages for his personal injuries. The petition also attempted to state a cause of action on behalf of Peterson's Air Conditioning for damages it sustained or will sustain as a result of Mr. Peterson's impairment of his past, present and future earning capacity. Defendants filed a peremptory exception of no cause of action asserting that Peterson's Air Conditioning had not stated a cause of action, which was granted by the trial court.
On appeal, Peterson's Air Conditioning's sole assignment of error asserts that the trial court erred in sustaining the exception of no cause of action in favor of defendants. We disagree and affirm.
In Baughman Surgical Associates, Ltd. v. Aetna Casualty and Surety Company, 302 So.2d 316 (La.App. 1st Cir.1974), a professional medical corporation sued a tort-feasor's insurance company for damages sustained by one of the two doctor/employees of the corporation. The corporation sought damages which were allegedly sustained as a result of the doctor's inability to practice medicine because of his injury. This court held that the medical corporation could not recover damages from a tort-feasor for losses resulting from the doctor's injuries. We held that the damages claimed by the medical corporation were too remote, too speculative and evasive, and were merely consequences of the accident and were not included within the purview of La.Civ.Code art. 2315.
Furthermore, we stated:
The possible loss of key personnel to employers through tortious or natural causes is ever present. An employer is permitted under our law to contract with insurers for protection against such losses, but the recovery ex delicto is restricted to those included within the law. 302 So.2d at 318.
Recently, in PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058 (La.1984), *80 the Louisiana Supreme Court affirmed the granting of a peremptory exception of no cause of action, holding that there was no cause of action in favor of a third party for indirect economic loss caused by a tort-feasor's negligent conduct. After going through a duty-risk analysis, the court held that the duty allegedly violated did not encompass the particular risk of injury sustained by the third party and did not intend protection from the particular loss for which recovery was sought in the petition.
Likewise, after a careful review of the record and of applicable jurisprudence, we are of the opinion that the duty allegedly violated by the defendant hunting club does not encompass the particular risk of injury of indirect economic loss allegedly sustained by Peterson's Air Conditioning and does not intend protection from this particular loss for which recovery is sought in the petition. Such indirect economic damage as is sought in the present case is too remote and indirect to be the subject of an action ex delicto under the facts of the present case.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by appellant.
AFFIRMED.