666 So.2d 334 (1995)
EVANS VENDING SERVICE, INC.
v.
Joseph RAYMOND, Jr., et al.
No. CA 94 0444.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
Writ Denied February 9, 1996.
Rainer Lorenz, James W. Armstrong, III, Covington, for Plaintiff-Appellant Evans Vending Service, Inc.
Adrianne L. Baumgartner, Porteous, Hainkel, Johnson & Sarpy, Covington, for Defendants-Appellees/Appellants-In-Answer Joseph Raymond, Jr., et al.
*335 Before LeBLANC, WHIPPLE and FOGG, JJ.
WHIPPLE, Judge.
This case is before us on appeal from a judgment in favor of defendants, State Farm Mutual Automobile Insurance Company, Joseph Raymond, Jr., as administrator of the estate of his minor son, Joseph Raymond, III, and Ysonde Beadles Raymond (hereinafter referred to collectively as "defendants" and/or "State Farm"), and against plaintiff, Evans Vending Service, Inc., granting defendants' motion for partial summary judgment. For the reasons which follow, we affirm.

BACKGROUND
Plaintiff, Evans Vending Service, Inc., is a domestic corporation. Herbert Ray Davis was the manager of the plaintiff corporation. On August 2, 1992, Joseph Raymond, III and Mr. Davis were involved in an automobile accident which resulted in Mr. Davis' death. Plaintiff filed the instant lawsuit against defendants, alleging that Mr. Davis "was in charge of the day to day operations of [plaintiff's] vending machine business and was an integral, necessary and key part of plaintiff's business" and that plaintiff had "sustained significant economic business losses as a result of being unable to locate, hire and/or train suitable individuals of comparable skill as [Mr. Davis]." Plaintiff further alleged it was entitled to damages, pursuant to LSA-C.C. art. 2315, for: (1) increase in expenses; (2) decrease in gross revenues; (3) decrease in profits; and (4) property damage to a 1988 Ford pick-up truck.
Defendants responded with a motion for partial summary judgment. Defendants contended that they were entitled to judgment as a matter of law because plaintiff, a domestic corporation, has no cause of action for the recovery of economic losses resulting from the loss of and/or the injury to a principal or employee. Defendants acknowledged that plaintiff had a cause of action to recover the property damage to the vehicle.[1]
On November 22, 1993, a hearing was held. Following the hearing, the trial court granted defendants' motion for partial summary judgment, noting in written reasons for judgment that there were no disputed facts and that defendants were entitled to judgment as a matter of law. A judgment dismissing with prejudice plaintiff's claim for economic loss to the corporation caused by the death of Mr. Davis was signed on December 6, 1993. From this judgment, plaintiff appeals. Defendants have answered the appeal, seeking damages for frivolous appeal.

DISCUSSION
A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Summary judgment is appropriate only when reasonable minds must inevitably conclude that, on the facts before the court, the mover is entitled to judgment as a matter of law. Insley v. Titan Insurance Company, 589 So.2d 10, 13 (La.App. 1st Cir.1991).
The issue presented by plaintiff's appeal is whether, given the undisputed facts as presented in the petition for damages, the plaintiff corporation is precluded from recovery, as a matter of law, for the damages sustained due to the loss of a key employee.
*336 In Peterson v. Western World Insurance Company, 491 So.2d 78 (La.App. 1st Cir. 1986), plaintiff, Peterson's Air Conditioning and Refrigeration, Inc., sought to recover damages it had sustained and would sustain in the future as a result of an injury sustained by its president and sole shareholder. We held that the duty allegedly violated by the defendant-tortfeasor did not encompass the particular risk of injury of indirect economic loss and did not intend protection from the particular loss. We further stated that such indirect economic damage is too remote and indirect to be the subject of an action ex delicto under the facts presented. Peterson, 491 So.2d at 80.
In Peterson, we relied on our previous decision in Baughman Surgical Associates, Ltd. v. Aetna Casualty & Surety Co., 302 So.2d 316 (La.App. 1st Cir.1974), wherein we likewise held that a professional medical corporation could not recover damages from a tortfeasor for the losses resulting from its employee's injuries, as the damages were too remote, speculative and evasive to prove, merely consequential of the accident, and not included within the purview of LSA-C.C. art. 2315. Baughman, 302 So.2d at 319.
In the instant case, plaintiff acknowledges this previous line of jurisprudence, but argues that the Louisiana Supreme Court's decision in Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990), validates plaintiff's claim for damages herein. In Lejeune, 556 So.2d at 571, the supreme court overruled prior jurisprudence and held that a duty exists to protect a plaintiff from mental anguish damages occasioned by negligent infliction of injury to a third party, and that the wife of the third party stated a cause of action for mental pain and anguish damages arising from her discovery that her hospitalized comatose husband had sustained rat bites.
Plaintiff argues that because Lejeune condones recovery for emotional damages by a third party to an accident, then it is clear that a third party who has suffered demonstrable pecuniary losses as a result of the negligence of the tortfeasor should be allowed to recover. We disagree. The facts of Lejeune are clearly distinguishable. Further, while allowing recovery for mental anguish damages, the court recognized the need to narrow the circle of plaintiffs who should be allowed to recover, creating guidelines within which recovery would be allowed. The court noted that "[t]he mere fact that a duty exists does not mean that it extends to everyone against every risk all of the time," and that "[a] defendant cannot be expected to be liable to virtually everyone who may suffer in any manner from his negligent conduct." Lejeune, 556 So.2d at 569.
After carefully reviewing the appellate record herein and the applicable jurisprudence, we find no merit in plaintiff's contention that Lejeune, a case involving mental anguish damages, should be extended to allow the plaintiff corporation the recovery sought herein. We agree with the holdings in our previous decisions that the damages claimed by plaintiff and rejected by the trial court are too remote, speculative and evasive to fall within the purview of LSA-C.C. art. 2315, even in light of the supreme court's decision in Lejeune. Accordingly, based on the undisputed facts as presented herein, plaintiff fails to state a cause of action. Thus, defendants were entitled to judgment as a matter of law.

ANSWER TO APPEAL
Defendants answered the appeal seeking damages pursuant to LSA-C.C.P. art. 2164, arguing that the appeal by plaintiff is frivolous. Damages for frivolous appeal are allowed only when it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious. Cheramie v. Horst, 93-1168, p. 8 (La.App. 1st Cir. 5/20/94); 637 So.2d 720, 724. However, at oral argument, counsel for defendants informed the court that defendants abandoned their answer to appeal and waived their claim for damages for frivolous appeal. Therefore, we pretermit this issue.

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court in favor of defendants, State Farm Mutual Automobile Insurance Company, Joseph Raymond, Jr., as administrator *337 of the estate of his minor son, Joseph Raymond, III, and Ysonde Beadles Raymond, granting defendants' motion for partial summary and dismissing plaintiff's suit is affirmed. All costs of this appeal are assessed against plaintiff, Evans Vending Service, Inc.
AFFIRMED.
NOTES
[1] In their memorandum in support of the motion, defendants stated that they were "precluded from filing a Peremptory Exception of No Cause of Action [because] the Petition states two causes of action arising out of a single incident, only one of which is subject to censure," citing Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La. 1993). Thus, defendants proceeded by means of a motion for partial summary judgment. On appeal, neither party contests the questionable procedure employed in raising, through a motion for summary judgment, what is essentially a partial exception of no cause of action on the issue of whether Louisiana law recognizes a cause of action for corporation to recover damages for the loss of services and pecuniary losses due to the death of a key employee.

However, we note that the parties settled plaintiff's property damage claim and a motion to dismiss was signed on February 8, 1994. Thus, the issues asserted in this appeal are the sole issues remaining in the case.