PER CURIAM.
In August 1975, plaintiff Dick Meyers Towing Service, Inc. (Meyers), was operating tugboats and other vessels on the Black Warrior River in Alabama, near the Bankhead Lock and Dam. On August 11, 1975, the lock failed and the river was closed to traffic until five months later when the lock was repaired and the river reopened to commerce. Plaintiff alleged that the failure of the lock was due to defendant Eby’s negligent construction of the lock and defendant United States’ negligence in maintaining and operating it. The cessation of commerce and transportation caused economic harm to the plaintiff’s business and recovery in the amount of $250,000 was sought.[1]
The case is before us on appeal from the trial court’s grant of summary judgment for the defendant. We affirm.
The plaintiff seeks recovery for damages flowing from the defendant’s negligent interference with his business expectancies. Although the plaintiff has cited much learned opinion and respected authority in support of his suggestion that we follow the Second Circuit’s lead and forsake “the rock-strewn path of ‘negligent interference with contract’ for more familiar tort terrain,” Petition of Kinsman Transit Co., 388 F.2d 821, 824 (2d Cir. 1968), we are convinced that prior authority in this circuit precludes us from departing from the rule that merely negligent interference with contract rights is not actionable. Kaiser Aluminum & Chem. Corp. v. Marshland Dredging Co., 455 F.2d 957 (5th Cir. 1972).[2]
Appellant recognizes that Kaiser Aluminum, supra, and Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927), raise substantial barriers to his recovery. He, therefore, attempts to distinguish these cases on their facts and narrowly limit the sphere of their application.
The facts of each case may be stated quite summarily. The plaintiff in Robins, a time-charterer of a vessel, sued the owner of a dry dock which had negligently damaged the vessel’s propeller. The plaintiff sought recovery for damages suffered as a result of the vessel’s unavailability on the charter date. In an opinion by Justice Holmes, the Supreme Court denied recovery, holding that “as a general rule, . a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong.” 275 U.S. at 309, 48 S.Ct. at 135.
Kaiser Aluminum, like Robins, involved a three-party situation. Kaiser sued Marshland for consequential damages suffered by Kaiser when one of Marshland’s barges dropped a heavy anchor on a gas pipeline owned by a third party, Sugar Bowl Gas Company. The pipeline supplied gas to Kaiser’s plant which had to be shut down temporarily as a result of the interruption of gas supplies. We affirmed the district court’s grant of summary judgment for the defendant, stating that recovery was barred as a matter of law because there was *1025 (1) no contention that the interference with Kaiser’s contract rights was intentional; (2) no evidence that Marshland had knowledge of the existence of the contract between Kaiser and Sugar Bowl Gas, and (3) no showing of facts, by affidavit or otherwise, in opposition to the motion for summary judgment, sufficient to create a genuine issue for trial, of anything more than merely the negligent interference with contract rights.
455 F.2d at 958.
Appellant attempts to avoid the effect of Robins and Kaiser Aluminum by analogizing his position to that of the vessel owner in Robins and the pipeline owner in Kaiser Aluminum rather than to the plaintiffs in those cases, third parties “incidentally injured” by the defendants’ conduct. See In Re Lyra Shipping Co., 360 F.Supp. 1188, 1190-91 (E.D.La.1973).[3] Arguing that under ordinary rules of tort liability, the defendants here owed a duty of care to those persons dependant on continued operation of the dam and locks, Meyers contends that the defendants breached a duty running directly to him. In consequence, he seeks recovery not for damages consequent upon breach of a duty running to a third party, but upon breach of a duty running to him.
The problem with this argument is that it misconceives the basis for denial of recovery in the cases following Robins and exemplified by Kaiser Aluminum. The law has traditionally been reluctant to recognize claims based solely on harm to the interest in contractual relations or business expectancy. The critical factor is the character of the interest harmed and not the number of parties involved. In consequence, as stated in Kaiser Aluminum, a plaintiff may not recover for interference with his contractual relations unless he shows that the interference was intentional or knowing. While the wisdom of that traditional reluctance is open to debate, the rule based upon it is too well-settled to be overturned by a panel of this court.[4]
AFFIRMED.

. Jurisdiction over the claim against the United States is based on 28 U.S.C. § 1346. Jurisdiction over the private parties was proper under the doctrine of “pendant party” jurisdiction recognized in this circuit. See Florida East Coast Ry. Co. v. United States, 519 F.2d 1184, 1193-96 (5th Cir. 1975). Jurisdiction could also have been founded on the admiralty jurisdiction of the federal courts since the Black Warrior River was stipulated to be a navigable waterway and the tort claims here have a maritime nexus. See In re Motor Ship Pacific Carrier, 489 F.2d 152 (5th Cir.), cert. denied 417 U.S. 931, 94 S.Ct. 2643, 41 L.Ed.2d 235 (1974); Kelly v. Smith, 485 F.2d 520 (5th Cir. 1973), cert. denied 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974).

. We have been much enlightened by the excellent briefs submitted by the parties in this case and commend all counsel for their efforts.

. The Second Circuit appears to have limited the Robins rule to the time charterer context in which it was first enunciated, Petition of Kinsman Transit Co., 388 F.2d 821 (2d Cir. 1968), and in which it survives. Federal Commerce and Navigation Co. v. M/V Marathonian, 528 F.2d 907 (2d Cir. 1975). This entire subject is ably and exhaustively canvassed in the district court’s opinion in the Marathonian case. See Federal Commerce & Navigation Co. v. M/V Marathonian, 392 F.Supp. 908 (S.D.N.Y.1975).

. Appellant’s attempt to avoid the effect of the conventional rule by couching his claim in the language of private action based on a public nuisance is unavailing. Again, the difficulty with appellant’s case is that he seeks recovery for negligent interference with his business expectancies. Rephrasing the claim as a public nuisance claim does not change its essential character.