**Robert Lee FRICK, Petitioner–Appellant,**

v.

**Mr. QUINLIN, Superintendent, United States Prison Camp, Respondent–Appellee.**

No. 79–2019.

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1980.

**38**

Bill Sherrill, Tallahassee, Fla., (Court–appointed), for petitioner–appellant.

Nickolas P. Geeker, U. S. Atty., Pensacola, Fla., for respondent–appellee.

Before KRAVITCH, HENDERSON and REAVLEY, Circuit Judges.

HENDERSON, Circuit Judge.

Robert Frick appeals from the district court's denial of his petition for a writ of habeas corpus. Although we agree with the appellant that the government's handling of his case has been characterized by confusion and delay, we conclude that Frick was not prejudiced thereby. Accordingly, we affirm the judgment of the district court.

While on parole from a federal prison sentence, Frick was indicted for conspiracy and various substantive counts of mail fraud. On June 9, 1977, a parole violator's warrant was issued, but its execution was held in abeyance awaiting resolution of the pending charges. On September 12, 1977, guilty verdicts were entered on all counts and the warrant was executed.[1]

On September 29, 1977, Frick was brought before a parole revocation panel in New Orleans. The record is unclear whether Frick had advance notice of this meeting. Frick told the panel he needed time to get a lawyer and to secure witnesses who would testify that he was only peripherally involved in the crime of which he had just been convicted. He made it clear however that he had no desire to forgo a hearing; nevertheless the panel postponed the hearing. On December 28, 1977, Frick, still incarcerated, was notified that his hearing would be held on February 9, 1978. The same day Frick filed a request to review his file and notified the authorities that he wanted to have an attorney and certain witnesses present at his revocation hearing.[2] Frick's hearing was finally held in the U. S. Penitentiary at Terre Haute, Indi-

---

1. Frick's conviction was affirmed in *United States v. Frick*, 588 F.2d 531 (5th Cir.), *cert. denied*, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 385 (1979).

2. The government insists that it was only because these requests that his hearing was scheduled for February, and that otherwise it would have been held in January. There is no support for this contention in the record, nor did the district court accept it. Moreover, the authorities knew at least as early as September 29, 1977, that Frick intended to call witnesses and have the assistance of an attorney. No matter, whether there was an excuse for the post–January delay is irrelevant.

ana. The Parole Commission revoked his parole, allowing no credit for the time spent on parole and forfeiting all good–time earned during his previous incarceration.

On September 11, 1978, Frick filed a petition for habeas corpus pursuant to 28 U.S.C.A. 2241. Relief was denied on October 30, 1978. The district court did not hold an evidentiary hearing, but simply reasoned, citing case law and statutes, that regardless of procedural defaults by the government Frick was not entitled to his freedom.

The Parole Commission must afford an alleged violator a revocation hearing within 90 days of execution of the arrest warrant. 18 U.S.C.A. § 4214(c) (1980 Supp.). Despite Frick's request, a hearing was not held until approximately five months after his arrest.[3] In *Smith v. United States*, 577 F.2d 1025 (5th Cir. 1978), a panel of this court had occasion to delineate the relief available when the government fails to comply with § 4214. In order to obtain judicial relief the parolee must show that the delay was both unreasonable and prejudicial. 577 F.2d at 1027. The court further held that delays in excess of 90 days are unreasonable per se. *Id.* Frick fails to demonstrate that he was prejudiced and hence entitled to release.

■■ To support his claim of prejudice, Frick maintains that during his five–month wait four potential witnesses became unavailable. According to Frick, those witnesses would have testified that he was only minimally involved in the fraud for which he was convicted. This is not an adequate showing of prejudice, however, because a parolee cannot collaterally attack the conviction upon which his revocation is based. *United States v. Williams*, 558 F.2d 224, 227–28 (5th Cir. 1977). Since he was not harmed by the delay and has already received a hearing, albeit a late one, Frick is not entitled to further relief. *Id.*; *Smith.*

■ Frick proceeds to challenge the quality of his eventual hearing. Citing *Brown v. Lundgren*, 528 F.2d 1050 (5th Cir.), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976), he argues that the revocation was arbitrary because the commission considered offenses that had been expunged from his record and was under the impression that his 1977 conviction involved mail fraud of $63,000.00 when in fact it was "only some $4,500." Assuming, without deciding, that the commission should not have considered parts of Frick's record, its decision nonetheless finds ample support. The commission's summary of the hearing contains the following:

> It does appear the subject has not learned from his past experiences and continues to disregard legal sanctions. This can be evidenced by subject's past felony convictions, his parole and probation failures, and his conviction again on a mail fraud offense. Subject appears to be an individual who values money above the law. He is a con man who has stolen from his employers and clients and is someone who cannot be trusted in money matters.

The commission revoked his parole because it believed Frick could not function in the outside world without engaging in fraudulent activity; a belief amply supported by his record, even as he reads it. It is evident that the details of the evidence the commission examined were not critical to its decision. *Cf. United States v. Rollerson*, 491 F.2d 1209, 1212–13 (5th Cir. 1974) (mistake in presentence report).

■ Frick also insists that he was entitled to a credit for the time served on parole prior to revocation, and that he should not have forfeited good time he earned during his first sentence. However, as he concedes, these contentions have been rejected in other cases, and the commission acted within its well–established authority.[4]

---

3. The United States argues that by forgoing the September 29, 1977, hearing Frick waived his right to a speedy hearing. There was no finding of waiver below, and since we find that the petitioner is not entitled to release in any case, we do not reach this issue, complicated as it is by a failure of notice and uncertainty as to whether the September 29, 1977, hearing was intended only as a preliminary hearing. *Cf.* 18 U.S.C.A. §§ 4214(a) and (c) (1980 Supp.).

4. Frick originally represented himself in this appeal, and we do not understand if he seeks relief on all the grounds raised in his petition.

*Lambert v. Warden*, 591 F.2d 4, 8 (5th Cir. 1979).

■ The government was not only late in reviewing Frick's parole revocation, it was also tardy in responding to his habeas corpus petition. After granting Frick leave to proceed in forma pauperis, the magistrate ordered the United States to show cause within thirty days why the writ should not be granted.[5] The government did not respond until thirty-five days had passed. Frick does not specify any prejudice resulting from this delay, and, in fact, there was none. The district court was free to either consider or disregard the response. *Coco v. United States*, 569 F.2d 367, 372 (5th Cir. 1978); *Mattox v. Scott*, 507 F.2d 919, 923–24 (7th Cir. 1974). The district court's adjudication of the underlying cause was correct.

Even though the government must prevail on this appeal, we are disturbed by the government's singular disregard for the appellant's procedural rights. In another case this attitude could have resulted in an unjust and indefensible extension of incarceration. Although the government's handling of this case, from first to last, was disconcertingly irresponsible, on the facts the petitioner was not entitled to habeas corpus relief. The only injury Frick suffered at the hands of the government was doubt about his future and the knowledge that he was being ignored. While we are sure he was troubled by the treatment he received, and justifiably so, his complaints are not cognizable in habeas corpus.

The judgment of the district court is AFFIRMED.

In any case, the remaining arguments do not warrant release. The commission was not obligated to follow the recommendation of the sentencing judge. *Smith v. Bell*, 462 F.Supp. 55 (N.D.Tex.1978), *aff'd*, 588 F.2d 169 (5th Cir. 1979). Frick was not prejudiced by appointed counsel's failure to appear. *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The commission's failure to provide him with an opportunity to review his file before the hearing violated 18 C.F.R. § 2.55 but does not justify release here, where Frick knew the commission would focus on his

mail fraud conviction. There is no merit to his contention that he was denied access to a witness.

5. 28 U.S.C.A. § 2243 says, in part, "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty (20) days, is allowed." *See also* F.R. Civ.P. 81(a)(2).