**UNITED STATES of America, Appellee,**

v.

**Calvin Hollow HORN BEAR, Appellant.**

No. 89-5231.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 18, 1989.

Decided Oct. 19, 1989.

Scott G. Hoy, Sioux Falls, S.D., for appellant.

John J. Ulrich, Sioux Falls, S.D., for appellee.

Before BOWMAN and WOLLMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Calvin Hollow Horn Bear sought to dismiss parole revocation proceedings on the grounds that the Parole Board's decision on appeal was untimely. The district court denied the parolee's motion to dismiss on the grounds that he had not been prejudiced by the delay. We affirm and remand to the district court with directions that it consider the merits of the parolee's claim. *See* 8th Cir.R. 12(a).

I.

Calvin Hollow Horn Bear was on parole on September 12, 1988 when he was charged in tribal court with disorderly conduct and aggravated assault. Horn Bear argued that he could not have committed the assault because he was already in police custody for other reasons at the same time. A hearing examiner revoked Horn Bear's parole, relying on the probation officer's report and tribal court records. Horn Bear appealed the decision to the National Appeals Board of the Parole Commission on October 31, 1988. The Appeals Board affirmed the revocation decision, but filed its decision on January 13, 1989, fourteen days after the sixty-day review period required by law. 18 U.S.C. § 4215(b).[1] Horn Bear moved to dismiss the revocation for delay and for insufficient evidence. The district court denied Horn Bear's motion to dismiss because there was no apparent prejudice from the delay, citing *Ready v. United States Parole Comm'n*, 483 F.Supp. 1273, 1276 (M.D.Pa.1980).[2] That

---

1. Repealed by Pub.L. No. 98-473, Title II § 218(a)(5), 98 Stat.2027 (1984). The effective date of the repeal of this section was delayed. Pub.L. No. 98-473, Title II § 235(b)(1); 98 Stat. 2032.

2. The government argues on appeal that while Horn Bear took an appeal on October 31, it was not received until November 15. The district court was not made aware of this fact dispute, and we assume for the purposes of this appeal that the decision was untimely.

court has yet to address the merits of the revocation decision.

## II.

Chapter 311 of the Parole Commission and Reorganization Act, (Act), Pub.L. No. 94–233, 90 Stat. 219 (1976),[3] created new revocation procedures in response to the Supreme Court's due process concerns with past Parole Board procedures. *See* S.Rep. No. 369, 94th Cong., 2d Sess. 15, *reprinted in* 1976 U.S.Code Cong. & Admin.News 335, 337; H.R.Conf.Rep. No. 838, 94th Cong., 2d Sess. 20–21, *reprinted in* U.S. Code Cong. & Admin.News 351, 352–53; *see also, Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ("The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody."). One of Congress's concerns was to "ensure prompt decision and review." *Rastelli v. Warden, Metro. Correction Center,* 610 F.Supp. 961, 965 (S.D. N.Y.1985) (reviewing legislative history), *rev'd on other grounds,* 782 F.2d 17 (2d Cir.1986). The Act provides that a preliminary hearing be held "without unnecessary delay, to determine if there is probable cause" to believe that a violation has occurred. 18 U.S.C. § 4214(a)(1)(A). If probable cause is found, a hearing is held within sixty days to decide whether revocation is required. 18 U.S.C. § 4214(a)(1)(B).

The hearing examiners make recommendations to a Regional Commissioner. The parolee or the attorney general may appeal the decision to the National Appeals Board.[4] The Act minimizes the incarceration of persons during revocation proceedings. Section 4215 provides:

(a) Whenever parole release is denied under section 4206, parole conditions are imposed or modified under section 4209, parole discharge is denied under section 4211(c), or parole is modified or revoked under section 4214, the individual to whom any such decision applies may appeal such decision by submitting a written application to the National Appeal Board not later than thirty days following the date on which the decision is rendered.

(b) The National Appeals Board, upon receipt of the appellant's papers, must act pursuant to rules and regulations within sixty days to reaffirm, modify, or reverse the decision and shall inform the appellant in writing of the decision and the reasons therefor.

18 U.S.C. § 4215 (Supp.II 1984); *see* 28 C.F.R. § 2.26(c) (1988) ("The National Appeals Board shall act within sixty days...."). This section creates a mandatory time limit for review. *See Rastelli,* 782 F.2d at 23 (comparing § 4215(b) with other provisions of the Act).

The time limits imposed by section 4215 and the Commission are strictly construed against the parolee. If the parolee fails to appeal the Regional Commissioner's decision within thirty days, his claim is treated as a motion to reopen the matter, which requires *"new* information of substantial significance favorable to the prisoner." 28 C.F.R. § 2.28 (emphasis added); *see also* 28 C.F.R. § 2.26(d) (lack of timely appeal makes decision final); *Monks v. United States Parole Comm'n,* 463 F.Supp. 859, 862–63 (M.D.Pa.1978) (procedure is constitutional). A single Regional Commissioner reviews the motion to reopen and there is apparently no appeal from her decision. *Monks,* 463 F.Supp. at 862.

At issue in this case is the effect of the Commission's own failure to comply with the statute. In light of the fact that the delay has occurred during Horn Bear's appeal and after the Regional Commissioner's initial decision that revocation is warranted, we are hesitant to require strict compliance in this case. We are also aware that from time to time the Commission may be unable to keep its docket fully current. We are, nevertheless, also hesitant to water down Congress's clear command in a

---

**3.** Repealed, *see supra* note 1.

**4.** These procedures apply to prisoners not within the original jurisdiction of the Parole Com-

mission. *See* 28 C.F.R. § 2.27, *Rastelli,* 782 F.2d at 23.

way that would make the sixty-day limit merely advisory. Thus, we ask with respect to an appeal of a Regional Commissioner's decision to which no procedural challenge is raised, whether the National Appeals Board's decision was rendered in substantial compliance with the timetable required and whether the delay was reasonable under the circumstances.

In this case, the decision was rendered within fourteen days of the deadline and was under submission over the Christmas, Hanukkah and New Year's Day holidays. Under the circumstances, we find the delay reasonable and the decision's timing in substantial compliance with the statute.

We therefore affirm the district court's order refusing to dismiss, and we remand this case to the district court for consideration of the merits.