GOSHORN, Judge.
David L. Langle appeals the trial court’s order denying his petition for writ of habe-as corpus, urging that the Florida Parole and Probation Commission (FPPC) violated *658 his due process rights by failing to timely grant him a final revocation hearing. Because Langle failed to demonstrate any prejudice resulting from the delay, we affirm.
Florida Administrative Code Rule 23-21.-022(12) (1987), which governs the FPPC's operations, provides in pertinent part:
If the Commission decides to conduct a final revocation hearing, an order shall be entered to that effect and shall be served upon the Sheriff of the county in which the alleged parole or compulsory conditional release violator is being detained. The order shall request the immediate transfer of the alleged violator to an appropriate department facility. The final revocation hearing shall be noticed and convened within (60) days of the return of the alleged violator to the custody of the Department [of Corrections]. If the alleged violator is already in custody of the Department, the final revocation hearing shall be noticed and convened within (60) days the preliminary hearing. [Emphasis added]!
Although the rule establishes the time frame within which a hearing to revoke parole should be set, it is nonetheless silent about the appropriate remedy to be implemented when the FPPC fails to act within its self-imposed 60 day window.
The record fails to pinpoint precisely when Langle was returned to the custody of the Department of Corrections, however it appears that the delay from that point to the final revocation was between 111 and 122 days. This delay, in light of the 60 day period provided for in Rule 23-21.022(12), is presumed unreasonable.[1] Cf. Smith v. United States, 577 F.2d 1025 (5th Cir.1978) (delays in excess of 90 day period in which Parole Commission must afford an alleged violator a revocation hearing under federal law are per se unreasonable). Yet, the inquiry does not stop here. In addition to the showing of unreasonableness, which is presumed, unless rebutted by the circumstances of a particular case, the petitioner must also show prejudice in order to make his case for release. Frick v. Quinlin, 631 F.2d 37 (5th Cir.1980); Smith, supra. Langle was in the Department’s custody serving a sentence on another charge during all but the last few days of the period of delay. Lan-gle makes no claim of prejudice accruing from the delay, nor does the record demonstrate any. Because Langle has failed to show any harm occasioned by the delay, we affirm the trial court’s order denying Lan-gle’s petition for writ of habeas corpus.
AFFIRMED.
DANIEL, C.J., and COWART, J., concur.

. In Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) the Supreme Court held that with respect to final hearings, "The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." 408 U.S. at 488, 92 S.Ct. at 2603. The Court did not provide specific guidelines for making the determination. The federal courts adopted a two-prong inquiry, requiring a showing that the delay was both unreasonable and prejudicial. With the enactment in 1976 of 18 U.S.C.A. § 4214(c), which requires the Parole Commission to conduct a final revocation hearing within 90 days of the date the violator is returned to custody, a bright line standard for determining reasonableness was provided. Smith, supra, analyzed the relationship of section 4214(c) to the old two prong test and stated "The ‘reasonable time' requirement of Morrissey v. Brewer became a statutorily mandated 90-days.” The second query, prejudice, was not affected by the enactment of section 4214(c). See also Frick v. Quinlin, 631 F.2d 37 (5th Cir.1980). Prior to the enactment of Florida Administrative Code Rule 23-21.022(12), Florida courts engaged in an analysis like that adopted in the federal courts. See Stevenson v. State, 300 So.2d 281 (Fla. 4th DCA 1974), receded from on other grounds, Eaddy v. State, 352 So.2d 98 (Fla. 4th DCA 1977), review dismissed, 359 So.2d 1213 (Fla. 1978). Just as the adoption of section 4214(c) provided a guideline for the determination of the reasonableness of the delay in the Federal arena, so did the adoption of Rule 23-21.022(12) provide a guideline regarding reasonableness in state actions. In contrast to the federal decisions, however, we decline to go so far as to hold that delays in excess of the period provided by law are per se unreasonable. Instead, we recognize that instances may arise where the delay was not unreasonable even though it exceeded the 60 day limit. The requirement that prejudice be shown was not changed by adoption of the rule.