989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eddie M. NABORS, Petitioner-Appellant,
v.
Warden, United States Penitentiary; United States Parole
Commission; United States Bureau of Prisons,
Respondents-Appellees.
 No. 92-3282.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1993.
 
 Before LOGAN and EBEL, Circuit Judges, and BARRETT, Senior Circuit Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 Petitioner-appellant Eddie M. Nabors appeals the district court's denial of his petition for writ of habeas corpus.[1] Proceeding pro se, he contends that he was denied due process when the United States Parole Commission [the "Commission"] delayed his initial parole hearing for almost one year. As a remedy for this delay, Nabors asks us to grant the writ and either release him from his sentence of thirty years' imprisonment or reduce the remainder of his sentence by 425 days, the length of time that the Commission delayed his hearing plus good time credit he has earned while incarcerated. Because the Commission has already provided Nabors an initial hearing and denied him parole, we hold that Nabors has received the only remedy he was due. We therefore affirm the district court's denial of the writ of habeas corpus.
 
 I. PROCEDURAL HISTORY
 
 2
 Nabors was first entitled to an initial parole hearing in January 1989, after serving ten years of an aggregated thirty-year federal sentence. See 18 U.S.C. § 4205(a).[2] The Commission repeatedly rescheduled Nabors' initial hearing because the Commission was waiting to receive information requested from the FBI regarding Nabors' involvement in a rape during a bank robbery [Doc. 22, Ex. 2, 5, 6] and because the file that the United States Bureau of Prisons prepared for the Commission was lost and had to be reconstructed. [Doc. 22, Ex. 3, 6, Attachment No. 4 (Declaration of John Trott) ]
 
 
 3
 Nabors filed his first habeas petition on September 15, 1989. Doc. 2. On September 29, 1989, the District Court for the District of Kansas denied the petition on the ground that Nabors had not exhausted his administrative remedies. Aplt.Br.Ex. 1. On appeal, we vacated the district court's judgment in an order dated February 26, 1990, on the ground that Nabors had alleged efforts to obtain administrative relief that may have been sufficient to satisfy the exhaustion requirement. Finding the district court's sua sponte dismissal of the action premature, we remanded the matter to the district court to require a response from the federal respondents and to "undertake further proceedings and disposition as expeditiously as the circumstances permit." Aplt.Br.Ex. 4 at 2.
 
 
 4
 On December 19, 1989, while we were considering Nabors' first appeal, the Commission finally held Nabors' initial parole hearing. At that hearing, the Commission determined that Nabors should not be paroled. Doc. 25 at 2. Nabors later received a statutory interim hearing in December 1991, after which the Commission again decided by notice of action dated January 5, 1992, that Nabors should not be paroled.
 
 
 5
 On April 29, 1992, Nabors filed a petition for writ of mandamus asking this court to order the district court to comply with our order of February 26, 1990, and rule on his habeas petition. However, Nabors dismissed this mandamus action voluntarily after the district court responded that it would issue its judgment within two weeks.
 
 
 6
 On July 14, 1992, the district court entered an order denying Nabors' petition for writ of habeas corpus on the ground that because Nabors had received his initial hearing in December 1989, he had already received the only remedy to which he was entitled for the delay in holding the hearing. Nabors now appeals the district court's judgment, alleging that because the Commission violated his right to due process, he is entitled to one of two remedies: (1) release from the remainder of his thirty-year term of imprisonment and from a parole violator warrant issued by the Commission, or (2) reduction of the remainder of his thirty-year term of imprisonment by 425 days--the number of days that his initial hearing was delayed plus good time credit he has earned during his incarceration. Aplt.Br. at 14.
 
 II. DISCUSSION
 
 7
 It is undisputed that Nabors did not receive a timely initial parole hearing. Under 18 U.S.C. § 4208(a), "whenever feasible" the initial hearing for a prisoner eligible for parole under § 4205(a) "shall be held not later than thirty days before the date of such eligibility for parole." The Parole Commission regulations further restrict the time period for such parole hearings: 28 C.F.R. § 2.12(a) requires the Commission to hold an initial parole hearing at least 90 days before an inmate becomes eligible for parole, "or as soon thereafter as practicable." Nabors was entitled to an initial parole hearing in January 1989, but did not receive the hearing until December 1989.
 
 
 8
 Although the Commission erred in delaying Nabors' initial hearing for nearly a year, we agree with the district court that the issuance of a writ of habeas corpus is not proper in this case, as Nabors has already received the only remedy to which he is entitled. "When an inmate has not been afforded a timely hearing [as required by 28 C.F.R. § 2.12(a) ], the proper course is to grant him a hearing at the earliest possible date...." United States v. Miller, 599 F.2d 249, 251 (8th Cir.1979). In a case even more egregious than Nabors', the Eight Circuit held that the petitioner's only remedy for a six-year delay in holding the initial hearing was to require the parole board to give the petitioner a fair hearing as soon as possible, where the petitioner failed to preserve any allegations of prejudice for appeal. Jones v. United States Bureau of Prisons, 903 F.2d 1178, 1181 (8th Cir.1990); see United States v. Tully, 521 F.Supp. 331, 337 (D.N.J.1981) (citing Smith v. United States, 577 F.2d 1025, 1029 (5th Cir.1978)).
 
 
 9
 Nabors asserts that by denying habeas relief on this ground, the district court ignored his claim that the Commission not only failed to comply with regulatory and statutory provisions; it also violated his right to due process. He contends that it is this due process violation that entitles him to habeas relief.
 
 
 10
 We disagree. We have previously held that the Commission's failure to hold timely hearings in the context of parole revocation and dispositional reviews of detainers does not rise to the level of a due process violation unless the petitioner can show he was prejudiced by the delay. See Harris v. Day, 649 F.2d 755, 761-62 (10th Cir.1981) (dispositional review of detainer); McNeal v. United States, 533 F.2d 66, 68-69 (10th Cir.1977) (per curiam) (final revocation hearing). Thus, in the absence of prejudice to the petitioner, the failure to hold a timely dispositional review or parole revocation hearing is a ground for a writ of mandamus to compel compliance with the statute, but is not a basis for habeas relief. See Harris, 649 F.2d at 761-762; McNeal, 533 F.2d at 68-69; Poyner v. United States Parole Comm'n, 878 F.2d 275, 276 (9th Cir.1989) (dispositional review and revocation hearing); Heath v. United States Parole Comm'n, 788 F.2d 85, 89-90 (2d Cir.1986) (dispositional review); Berg v. United States Parole Comm'n, 735 F.2d 378, 379 n. 3 (9th Cir.1984) (per curiam) (revocation hearing); Sutherland v. McCall, 709 F.2d 730, 732 (D.C.Cir.1983) (revocation hearing); Hopper v. United States Parole Comm'n, 702 F.2d 842, 845 (9th Cir.1983) (revocation hearing); Carlton v. Keohane, 691 F.2d 992, 993 (11th Cir.1982) (per curiam) (dispositional review); Maslaukas v. United States Bd. of Parole, 639 F.2d 935, 938 (3rd Cir.1980) (dispositional review); Lambert v. Warden, 591 F.2d 4, 7-8 (5th Cir.1979) (per curiam) (dispositional review); Smith v. United States, 577 F.2d 1025, 1029 (5th Cir.1978) (revocation hearing). Cf. Judd v. Baer, 911 F.2d 571, 573-74 (11th Cir.1990) (analogizing to parole revocation cases and holding that the failure of the Commission's National Appeals Board to render a decision within sixty days of receiving an appeal, as required by 18 U.S.C. § 4215(b), does not entitle the prisoner or parolee to habeas relief in the absence of an unreasonable and prejudicial lapse of time). We believe that the same rule should apply in the context of initial hearings. Consequently, because Nabors has already had his initial hearing and has shown no prejudice stemming from the delay, he has already received the only remedy that he is due.
 
 
 11
 Our holding today is consistent with the legislative history of the Parole Commission and Reorganization Act of 1976, 18 U.S.C. §§ 4201 et seq. (1976), which indicates that neither the House nor the Senate drafters envisioned that release from imprisonment would be a remedy for an untimely parole hearing. In recommending adoption of the conference committee report on the bill, Senator Burdick explained:
 
 
 12
 The legislation establishes certain deadlines for the Commission's decisionmaking, but the conferees acknowledge that from time to time extraordinary reasons may result in delay in making any of the decisions. If a legal remedy is necessary in the absence of good faith effort on the part of the Commission, the remedy available to the prisoner or parolee is to compel the decision, not release from custody.
 
 
 13
 122 Cong.Rec. 4862 (1976). Similarly, in advising the House of Representatives to adopt the conference committee report, Representative Kastenmeier noted:
 
 
 14
 [T]here are certain decisionmaking deadlines provided for in H.R. 5727. If the Commission fails to act in accordance with these deadlines, the prisoner or parolee would not automatically be released from confinement, but he could compel the Commission to make their decision promptly.
 
 
 15
 It is expected that the new Commission will be able to function under these deadlines.... But if for some reason they were unable to meet a time deadline, the prisoner or parolee could solicit the assistance of the court under existing section 1361 U.S.C. 82, which is an action in mandamus to compel an employee of the United States to perform his duty. I expect these cases would be very rare, but the court would review the case and determine whether there was any justification for the delay. If there is no justification, the court would remedy the situation by ordering a hearing immediately. Otherwise, the Commission would be held in contempt.
 
 
 16
 122 Cong.Rec. 5163 (1976). These statements provide additional support for our conclusion that Nabors is not entitled to habeas relief.
 
 
 17
 Because Nabors received his initial parole hearing, at which his request for parole was denied, and because Nabors has shown no prejudice stemming from the delay, we AFFIRM the district court's denial of his petition for writ of habeas corpus.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We grant the petitioner permission to proceed in forma pauperis for purposes of this appeal
 
 
 [2]
 All statutory sections relating to the creation and operation of the United States Parole Commission were repealed in 1984, effective November 1, 1987, with a five-year phaseout ending November 1, 1992. See Lewis v. Martin, 880 F.2d 288, 290 (10th Cir.1989) (citing § 235(b) of the Sentencing Reform Act of 1984, Pub.L. 98-473, § 235(b)(3), 98 Stat. 1837, 2032 (1984))