456 So.2d 963 (1984)
Shawn ROACH, Appellant,
v.
Anabel MITCHELL and Florida Parole and Probation Commission, Appellees.
No. 84-594.
District Court of Appeal of Florida, Second District.
October 3, 1984.
*964 John D. Middleton, Gainesville, for appellant.
Kurt E. Ahrendt, Asst. Gen. Counsel, Florida Parole and Probation Commission, Tallahassee, for appellee Florida Parole and Probation Commission.
GRIMES, Judge.
This is an appeal from the denial of a petition for writ of habeas corpus in which appellant, an inmate in the Florida Department of Corrections system, asserts that his parole had expired prior to its revocation.
In 1976 appellant was sentenced to a term of ten years imprisonment for robbery. Subsequently, he was notified by appellee, Florida Parole and Probation Commission, that he would be granted parole on July 24, 1979. On July 17, 1979, he signed a certificate of parole issued pursuant to section 947.19(1), Florida Statutes (1979), wherein he agreed to thirteen separate conditions of parole supervision as well as the dates of his term of supervision. Specifically, he acknowledged that he would "remain under supervision subject to the conditions of parole listed on the reverse side of this certificate until January 22nd, 1986, unless otherwise released, or until other action may be taken by the Florida Parole and Probation Commission," a period of six and one-half years.
Appellant's parole was revoked in March 1983 for conduct occurring in 1982. After incarceration in Polk County, he filed a petition for writ of habeas corpus in which he contended that he was being illegally detained because his parole had expired in 1981. The court denied appellant's petition, and he appeals.
Appellant's argument is predicated upon section 947.24, Florida Statutes (1979), which reads:
947.24 Discharge from parole.  When a person is placed on parole, the commission shall determine the period of time the person shall be on parole, such time not to exceed a maximum period of 2 years unless the commission designates a longer period of time, in which case it will advise the parolee in writing of the reasons for the extended period. In any event, the period of parole shall not exceed the maximum period for which the person has been sentenced. The commission, after having retained jurisdiction of a person for a sufficient length of time to evidence satisfactory rehabilitation and cooperation, may discharge the person from parole, may relieve a person on parole from making further reports, or may permit such person to leave the state or country, upon determination that such action is in the best interests of the person and of society.
Appellant reasons that because he did not receive written or oral reasons for the extension of his parole, the commission lost jurisdiction to subsequently revoke his parole after the initial two years of supervision. We do not accept this contention.
The plain language of section 947.24 clearly empowers the commission to determine the length of an individual's parole. The commission can impose any term up to the maximum period for which a person has been sentenced. If the parole period is to be longer than two years, the parolee should be informed in writing of the reasons for the extension. The absence of such written reasons, however, does not result in a loss of the commission's statutory authority to impose an extended term or in a loss of jurisdiction over the parolee.
Appellant executed the certificate of parole with full knowledge of its contents, acquiescing to both the term and conditions of his parole without reservation. Had he requested a written statement of the reasons for his extended term of parole he surely could have obtained it. He did not seek administrative review pursuant to section 947.19(2), Florida Statutes (1979). He acted only upon violation of the conditions of his parole. Cf. Gallagher v. State, 421 So.2d 581 (Fla. 5th DCA 1982) (holding that one must attack a condition of his probation by appealing the probation order rather than upon breach of the condition). *965 Since the failure to provide written reasons for the extended term was not jurisdictional, appellant was still on parole at the time of its revocation.
AFFIRMED.
RYDER, C.J., and CAMPBELL, J., concur.