567 So.2d 1000 (1990)
James TAYLOR, Appellant,
v.
Richard DUGGER, Etc., et al., Appellees.
No. 89-2194.
District Court of Appeal of Florida, First District.
October 8, 1990.
*1001 James Taylor, appellant in pro. per.
Bradford L. Thomas, Asst. Gen. Counsel, for appellees.
ERVIN, Judge.
Appellant, James Taylor, appeals the summary denial of his petition for writ of habeas corpus on the ground that the Florida Parole Commission did not comply with Section 947.23, Florida Statutes (1987), which deals with parole revocation proceedings. Taylor claims that the Commission did not notify him of the findings from his preliminary hearing, that the hearing was held more than thirty days after his arrest, and that the Commission failed to conduct a preliminary hearing on a trespassing conviction that he claims was used as a basis for revoking his parole. We reject without discussion Taylor's arguments on issues two and three, but reverse and remand for an evidentiary hearing to determine whether he was prejudiced by the Commission's failure to provide him with findings from the preliminary hearing.
While Taylor was on parole, he was arrested under an alias on May 22, 1987 for trespassing. On July 27, 1987, after the Commission learned his true identity, Taylor was arrested for violating parole. The Commission held a preliminary hearing on August 12, 1987 "to determine if there [was] probable cause or reasonable grounds to believe that the parolee ... committed a violation of the terms or conditions of his parole," pursuant to section 947.23(1). Taylor claims that the Commission did not provide him with a copy of the findings from the preliminary hearing, thus violating the following requirement of section 947.23(1):
The findings based on the evidence presented at the preliminary hearing shall be made available to the parolee either immediately following the hearing or within a reasonable time thereafter.
Nothing in the record indicates that either a written or oral statement of findings was made. See Hansen v. Duggar, 536 So.2d 1169, 1172-73 (Fla. 1st DCA 1988) (notice of findings under section 947.23(1) is not required to be in written form). The Commission did not refute Taylor's allegation in its response to the order to show cause below, or in its appellate brief, nor did the trial court address this issue in its final order. The questions therefore arise whether such omission constitutes a prima facie violation of Taylor's right to due process, and, if it does, whether Taylor must show that he was prejudiced by the omission, or whether the omission is such a fundamental violation of his due process rights that it per se requires issuance of a writ. We conclude that the Commission did violate Taylor's right to due process in this regard, but that Taylor must nonetheless show that he was prejudiced by the violation before he will be entitled to be released.
In Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court established minimal due process requirements for parole revocation proceedings, including the essential requirements of a preliminary hearing. The Court stated that the parolee must be given notice and an opportunity to be heard at a preliminary hearing, and that the hearing officer must make a record of the proceedings in the form of "a summary, or digest, of what occurs at the hearing in terms of the responses of the parolee and the substance of the documents or evidence given in support of parole revocation and of the parolee's position." Id., U.S. at 487, 92 S.Ct. at 2603, 33 L.Ed.2d at 498. The Court did not explicitly state that the parolee must be notified of the hearing officer's summary, but we believe that is implicit, because the Court was articulating the due process rights of the parolee.
Because the Supreme Court has stated that such preliminary findings are constitutionally essential, and because a parolee cannot determine whether this requirement was met unless he or she is informed of such findings, we conclude that Taylor's due process rights were violated once the Commission failed to comply with this requirement of section 947.23(1).
We next consider whether such omission per se entitles Taylor to a writ. The most *1002 analogous case we have located is from the Fifth District, Langle v. State, 559 So.2d 657 (Fla. 5th DCA 1990). The court stated that if a final revocation hearing is not held within a "reasonable" time, as defined by administrative rule and required by Morrissey, a parolee must still show prejudice resulting from the unreasonable delay in order to obtain relief. The court observed that federal courts following the dictates of Morrissey have required this two-part determination of whether a delay of the final hearing, in violation of the federal statute, is both unreasonable and prejudicial. Id. at 658 & n. 1 (and cases cited therein). Because a final hearing "within a reasonable time" is one of the due-process requirements articulated by the Supreme Court in Morrissey, and because federal courts and Florida's Fifth District Court of Appeal require a showing of prejudice in addition to a statutory violation, we are persuaded that the same determination should be made with respect to a violation of the notification of findings requirement of section 947.23(1).
Although we note that Taylor did not allege in his petition that he was prejudiced by the omission,[1] this court has stated that an allegation of such an omission without an allegation of prejudice is sufficient to require the Commission to show cause why appellant's petition for writ of habeas corpus should not be granted. Hansen v. Dugger, 515 So.2d 1345, 1348 (Fla. 1st DCA 1987). Taylor must be given the opportunity to show that he was prejudiced by the omission in order to justify habeas relief.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this order.
WENTWORTH and MINER, JJ., concur.
NOTES
[1] Taylor did state, in a reply to the Commission's response, that he "was not able to formulate a defense to the alleged violations, because I was unaware of what grounds the commission used to find probable cause until the final hearing in Lake Butler, Oct. 1, 1987." We do not consider Taylor's reply, however, because neither the Florida Rules of Civil nor Criminal Procedure authorizes replies to show-cause responses at the trial level, nor did the trial judge state in his order to show cause that Taylor would be permitted to file a reply.