687 So.2d 254 (1996)
Barry BARD, Appellant,
v.
Judith A. WOLSON, Chairman, Florida Parole Commission, et al., Appellee.
No. 96-1822.
District Court of Appeal of Florida, First District.
December 2, 1996.
Order Denying Rehearing February 4, 1997.
Barry Bard, Bonifay, Pro Se.
Kurt E. Ahrendt, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Appellee.
ALLEN, Judge.
The appellant challenges an order of the trial court by which his petition for a writ of habeas corpus was denied. Because the trial court denied the petition without giving the appellant an opportunity to contest the response, we reverse.
Following the revocation of the appellant's conditional release, he filed his petition for a writ of habeas corpus by which he challenged the legality of his detention. The trial court found the petition facially sufficient and issued an order to show cause. After receiving a written response with attachments from the Florida Parole Commission (the commission), the trial court denied the petition.
On appeal, the appellant has attacked the procedure employed by the trial court in disposing of his petition. The appellant contends that the trial court was obligated to issue the writ once it determined that his petition stated a prima facie case. He also contends that he should have been allowed to reply to the commission's response.
Florida Rule of Civil Procedure 1.630 and Chapter 79, Florida Statutes, specify the procedure to be followed in habeas corpus proceedings before the trial court. Under chapter 79 and rule 1.630, if the complaint (i.e., the petition for the writ), states prima facie grounds for relief, the trial court must issue the writ. Issuance of the writ is the vehicle which acknowledges the facial sufficiency of the complaint and triggers the necessity of a response (also called "the return"). Although Rule 1.630 does not provide for the petitioner to reply to the response, section 79.04(2) recognizes the right of the petitioner to file a motion to quash the return, or a motion to discharge notwithstanding the return. The supreme court has explained the petitioner's options as follows:
[A]fter the respondent has filed his return, the petitioner may present exceptions raising questions of law; he may traverse the facts set forth in the return; he may allege facts not appearing in the petition or return that may be material in the case; or *255 he may adopt his petition as a traverse of the return.
Sneed v. Mayo, 66 So.2d 865, 870 (Fla.1953).
Once the respondent has filed its response and the petitioner has replied thereto, the court "may examine into the cause of the imprisonment or detention, receive evidence in contradiction of the return, and determine it as the truth of the case requires." § 79.06(1). The court then determines the legality of the detention and "shall either discharge the prisoner, admit him or her to bail or remand him or her to custody, as the law and evidence require." § 79.08.
In the present case, the trial court seemed to be following to some extent the habeas corpus procedure set out in Florida Rule of Appellate Procedure 9.100, which specifically authorizes the court to issue an order to show cause if it finds the petition demonstrates a preliminary basis for relief. But rule 9.100(i) specifically authorizes a petitioner to serve a reply and supplemental appendix, which the court did not permit in this case.
We perceive no prejudice to the appellant in the trial court having issued the show cause order rather than the writ, since either would have required the commission to respond to the appellant's petition. But the appellant might have been prejudiced by the trial court's failure to either conduct a hearing or otherwise permit the appellant to reply to the response. We accordingly reverse the order and remand for further proceedings in which the appellant is provided an opportunity to reply to the response.
MINER and LAWRENCE, JJ., concur.

ON MOTION FOR REHEARING
The appellee has filed a motion for rehearing in which it is asserted that we overlooked or misapprehended certain points of fact and law. Although the motion contains arguments that should have been presented in the answer brief, we nonetheless write to explain why these arguments are without merit.
The appellee first contends that our opinion "creates an intradistrict conflict" with Taylor v. Dugger, 567 So.2d 1000 (Fla. 1st DCA 1990), wherein the court stated in a footnote that it refused to consider a reply to a show cause order "because neither the Florida Rules of Civil nor Criminal Procedure authorizes replies to show-cause responses at the trial level, nor did the trial judge state in his order to show cause that Taylor would be permitted to file a reply." Id. at 1002 n. 1. This language, while dicta, was correct in the context of the Taylor case, but for the reasons explained herein, does not apply to the present case.
As we explained in the main opinion, under Florida Rule of Civil Procedure 1.630 the initial pleading filed in a habeas corpus proceeding is a complaint, and if the trial court determines that it shows a prima facie case for relief, the court will issue the writ. Rule 1.630(c) requires the respondent to "respond to the writ as provided in rule 1.140." Rule 1.140 sets forth the requirements for pleading defenses. Rule 1.140(a)(1) requires the respondent to "serve an answer within 20 days after service of original process and the initial pleading." Rule 1.140(b) requires the respondent to assert in this answer "[e]very defense in law or fact to a claim for relief," except for seven enumerated defenses which are to be raised by motion prior to filing an answer. Rule 1.110, which covers the general rules of pleading, further requires the answer to set forth all of the enumerated affirmative defenses and "any other matter constituting an avoidance or affirmative defense." Rule 1.100(a) then provides that "[i]f an answer or third-party answer contains an affirmative defense and the opposing party seeks to avoid it, the opposing party shall file a reply containing the avoidance." (Emphasis added.) Rule 1.140(a) provides 20 days following service of the answer for service of the reply.
If the answer to the complaint in the present case had contained mere denials of the appellant's allegations, no reply by the appellant would have been authorized. In that circumstance, the trial court would have been required to hold a hearing to resolve the factual disputes.
But the answer to the complaint did not contain mere denials of the appellant's allegations. Rather, it set forth matters in the *256 nature of affirmative defenses or avoidances. Accordingly, under Rule 1.100(a) and 1.140(a), the appellant should have been given 20 days to serve a reply. The record in the case reveals that the trial court ruled against the appellant a mere four days after receiving the appellee's answer. Accordingly, the trial court's order must be reversed.
The motion for rehearing is denied.
MINER and LAWRENCE, JJ., concur.