707 So.2d 806 (1998)
William L. MATTERN, Appellant,
v.
FLORIDA PAROLE COMMISSION, Appellee.
Nos. 97-1939, 97-2420.
District Court of Appeal of Florida, Fourth District.
February 18, 1998.
*807 William A. Mattern, Immokalee, pro se.
Mark J. Hiers, Assistant General Counsel, Tallahassee, for appellee.
WARNER, Judge.
We affirm the trial court's denial of appellant's petition for a writ of habeas corpus. Appellant alleged a number of due process violations in connection with his parole revocation hearings. These included: (1) the hearing officers held untimely probable cause and final hearings; (2) appellant was denied counsel improperly; (3) he was denied of the opportunity to call unspecified witnesses on his behalf; (4) the parole commission failed to rule within a reasonable time; and (5) the hearing examiner was not a neutral detached magistrate. We find with respect to each of the allegations that either there was no due process violation, or appellant has failed to show prejudice from any violation.
Appellant was charged with six violations of his parole. He admitted two of them at the preliminary hearing for revocation of his parole, including one violation of law. The hearing examiner at the preliminary hearing dismissed the other four. In Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court established minimal due process requirements for the two-step parole revocation proceedings. These two steps consist of the preliminary hearing and the final revocation hearing. The appellant complains of procedural and due process violations at both hearings conducted in his case.
The essential requirements of a preliminary hearing include: notice and an opportunity to be heard and a record of the proceedings in the form of "a summary, or digest, of what occurs at the hearing in terms of the responses of the parolee and the substance of the documents or evidence given in support of parole revocation and of the parolee's position." Id., 408 U.S. at 487, 92 S.Ct. at 2603. The preliminary hearing is to be held before an "independent officer" who need not be "neutral and detached," but could be "a parole officer other than the one who has made the report of parole violations or has recommended revocation." Id., 408 U.S. at 486, 92 S.Ct. at 2603.
At the final revocation hearing, the minimum requirements of due process include:
(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any *808 sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.
Id., 408 U.S. at 489, 92 S.Ct. at 2604; see also § 947.23, Fla. Stat. (1997).
With respect to appellant's claims regarding the untimeliness of his hearings, even if his allegations about the delays were true, he has failed to show that the delays or any untimeliness of his notice of the commissioner's ruling prejudiced him. A parolee must still show that violation of his due process rights prejudiced him before he is entitled to release. See Taylor v. Dugger, 567 So.2d 1000, 1001 (Fla. 1st DCA 1990); Langle v. State, 559 So.2d 657, 658 (Fla. 5th DCA 1990).
We also apply the prejudice test in affirming the trial court's determination that appellant was not denied the opportunity to subpoena witnesses. The record is insufficient to demonstrate how appellant was prejudiced, let alone what specific witnesses he intended to call together with their expected testimony. The burden of proof in a habeas corpus proceeding is on the petitioner, who must back up his allegations with evidence. See Kohler v. Sandstrom, 305 So.2d 76, 77 (Fla. 3d DCA 1974). General allegations are insufficient to demonstrate entitlement to relief. See Reaves v. State, 593 So.2d 1150, 1151 (Fla. 1st DCA 1992).
The trial court also correctly determined that appellant was not entitled to appointed counsel. Parolees do not have an automatic right to counsel in revocation proceedings. Rather, the determination is made on a case-by-case basis. See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The hearing officer considered the criteria for appointment of counsel set forth in Gagnon and determined that counsel was not required. We agree, particularly in light of the fact that appellant admitted violations of his probation.
Appellant complained that his preliminary hearing officer was not neutral and detached. However, as we have stated, Morrissey does not require the use of a neutral hearing officer for the preliminary hearing. What is required is someone independent from the parole officer reporting the violations. See 408 U.S. at 486, 92 S.Ct. at 2603. Thus, appellant's complaint that his preliminary hearing officer was not neutral and detached misses the mark. Moreover, the preliminary hearing's function is to determine whether there is a basis for believing that grounds for revocation of parole exist. Where appellant admitted at least two violations before the hearing officer, and the hearing officer dismissed the remaining charges, it is hard to see how the appellant was prejudiced in the slightest by the conduct of this hearing.[1]
For the foregoing reasons, we affirm the trial court.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] While appellant also makes the statement that he was deprived of a neutral and detached hearing officer at the final hearing, there are no allegations at all regarding the final hearing officer. Instead, what he objected to was the presence of his parole officer at the hearing. We find this point to be without merit.