766 So.2d 1222 (2000)
Barry K. SALOW, Petitioner,
v.
STATE of Florida, et al., Respondents.
No. 5D00-197.
District Court of Appeal of Florida, Fifth District.
September 22, 2000.
Barry K. Salow, Orlando, pro se.
Sheron Wells, Assistant General Counsel, for Respondent, Department of Corrections.
No Appearance for Respondent, State of Florida.
GRIFFIN, J.
Petitioner, Barry K. Salow ["Salow"], filed a petition for writ of habeas corpus in the lower court seeking an award of gain time. The trial court ordered the Department of Corrections ["DOC"] to file an answer within twenty days and allowed Salow twenty days to respond to the DOC's response "before this court will enter its ruling," citing Bard v. Wolson, 687 So.2d 254 (Fla. 1st DCA 1996). After an extension, DOC filed its response on December 13, 1999. Four days later, on December 17, 1999, the trial court entered an order denying Salow's petition. In the denial order, the trial court noted that Salow was given an opportunity to file a reply and recited that the court had considered the petition, response and reply, "if filed". On December 21, 1999, four days after the denial order was rendered and eight days after the DOC's response was filed, Salow filed a reply to the response.
In addition to attacking the merits of the denial in his petition for writ of certiorari, Salow asserts that the trial court departed from the essential requirements of the law in entering the denial order before the expiration of his time to reply. We do not perceive that a defendant has an absolute right to require consideration of the reply before the court rules. Nevertheless, where the court expressly authorizes a *1223 reply but, without explanation, rules without waiting for the party to file the reply, confidence in our system is undermined. Even worse, the order recited that if a reply was filed, it was reviewed. It would seem that if it was reviewed, its filing would be self-evident. Under the circumstances, we conclude the court should read and consider the authorized reply.
WRIT GRANTED.
PETERSON and SAWAYA, JJ., concur.