827 So.2d 316 (2002)
Howard GILLARD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-4601.
District Court of Appeal of Florida, First District.
September 12, 2002.
Rehearing Denied October 10, 2002.
*317 Appellant, pro se.
Mark J. Hiers, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Appellee.
PER CURIAM.
Howard Gillard appeals from an order denying his petition for writ of habeas corpus. In the petition below, he challenged the revocation of his conditional release by contending that the Florida Parole Commission was without jurisdiction to conduct the revocation hearing beyond the 45-day time period in section 947.141(2), Florida Statutes (1991). Because we determine that the time period in section 947.141(2) is not jurisdictional and that the delay was not prejudicial, we affirm.
Under section 947.1405(6), Florida Statutes (1991), the Commission has jurisdiction over Gillard until December 12, 2007, which is the date his conditional release supervision terminates. The Commission is authorized to establish the length and conditions of the supervision, as long as the length does not exceed the maximum penalty imposed by the sentencing court. In the present case, the appellant was sentenced in 1992 to a term of fifteen years. Although the revocation hearing was conducted on December 16, 1999, which was more than 45 days after his September 30, 1999, arrest, Gillard was still on conditional release supervision at the time of the hearing. See Roach v. Mitchell, 456 So.2d 963 (Fla. 2d DCA 1984) (failure to follow statutory requirement of advising parolee in writing of reasons for extended supervision was not jurisdictional, and therefore the prisoner was on parole at the time of the revocation). Therefore, the untimely hearing did not affect the Commission's jurisdiction.
Section 947.141(2) is silent as to the consequences of a revocation hearing conducted in violation of the 45-day time period. The statute provides, in pertinent part, that "[w]ithin 45 days after the arrest of a releasee charged with a violation of the terms and conditions of conditional release, the releasee must be afforded a hearing conducted by a commissioner or a duly authorized representative thereof." Nothing in the statute provides that the failure to timely conduct a conditional release supervision revocation hearing is jurisdictional.
In general, revocation hearings are governed by due process considerations and are subject to the requirement that they be conducted within a reasonable time. See Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). If the applicable statute sets forth a definite time period for the hearing, and the time period is violated, the delay is presumed unreasonable. See Langle v. State, 559 So.2d 657, 658 (Fla. 5th DCA 1990); Smith v. United States, 577 F.2d 1025, 1027 (5th Cir.1978). To be entitled to relief, the releasee must show that he was prejudiced by the alleged delay in addition to showing the statutory violation. See Mattern v. Fla. Parole Comm'n, 707 So.2d 806, 808 (Fla. 4th DCA 1998); Taylor v. Dugger, 567 So.2d 1000, 1002 (Fla. 1st DCA 1990).
Therefore, in the present case, the hearing conducted in violation of the 45-day time period would be presumed unreasonable. However, the appellant failed to demonstrate that he was prejudiced by the delay and, accordingly, he is not entitled to relief.
AFFIRMED.
ERVIN, WOLF and PADOVANO, JJ., concur.