PER CURIAM.
In October, 2006, appellant filed a petition for writ of habeas corpus attacking the Parole Commission’s 2002 revocation of his parole. The circuit court issued an order to show cause directing the Commission to tell the court why it should not grant the relief requested. The Commission filed its response. Five days later, the circuit court entered its order denying the petition, ruling that the challenge to the 2002 order was time barred pursuant to section 95.11(5)(f), Florida Statutes (2006).
Appellant contends that the order denying his petition was prematurely entered, because it issued before he had a chance to file his reply. Appellant moved for rehearing and attached his proposed reply to the motion. The circuit court denied the motion for rehearing.
Florida Rule of Appellate Procedure 9.100(k) indicates that a petitioner in a habeas corpus proceeding “may serve a reply.” Both Salow v. State, 766 So.2d 1222 (Fla. 5th DCA 2000), and Haralson v. State, 844 So.2d 817 (Fla. 5th DCA 2003), required circuit courts to reconsider deni *1149 als of habeas corpus petitions because the courts rendered decisions without giving petitioners a chance to file a reply. See Sheppard v. Crosby, 891 So.2d 1156 (Fla. 4th DCA 2005) (involving mandamus proceeding). The Commission concedes that the circuit court should have given appellant an opportunity to file a reply before ruling on the petition.
The purpose of a reply is to avoid an affirmative defense. See Fla. R. Civ. P. 1.100(a). The Commission asserted the affirmative defense of statute of limitations. Appellant’s proposed reply said that (1) he “did not possess personal knowledge ... that he had a right to seek judicial review” of the order revoking parole and (2) the Commission “impeded his right to timely petition for judicial review” by failing to “advise him at the conclusion of the revocation process of his right to seek judicial review.” As the Commission notes in its brief, the issue of the Commission’s obligation to notify a releasee of his right to seek review of an order revoking supervision was not litigated in the circuit court.
We reverse and remand to the circuit court to consider the issue raised in the proposed reply: whether appellant may avoid the statute of limitations if the Commission failed to notify him of his right to seek review of the order revoking supervision.

Reversed and remanded.

SHAHOOD, GROSS and MAY, JJ., concur.