PER CURIAM.
John E. Sims seeks certiorari review of an order dismissing his petition for writ of mandamus as untimely and frivolous, and directing that a copy of the order be delivered to the Department of Corrections for consideration of appropriate sanctions pursuant to section 944.279(1), Florida Statutes (2014). As petitioner concedes, the circuit court did not depart from the essential requirements of law by failing to grant mandamus relief. However, we agree with petitioner that the portion of the order referring him for potential administrative sanctions resulted from a departure from the essential requirements of law.
Sims filed his petition for writ of mandamus and the circuit court issued an order to show cause directing the Department of Corrections to respond and allowing Sims thirty days following service of that response to file a reply. Sims then filed a motion to supplement *980 or amend his pleading and approximately one week later, the Department filed its response to the order to show cause. That response included a request that the court refer Sims for consideration of administrative sanctions pursuant to section 944.279(1). One week after the filing of the Department’s response, the circuit court rendered an order granting petitioner’s motion for leave to amend his petition, directing the Department to file a supplemental response within 60 days, and affording Sims the opportunity to file a reply to the supplemental response. However, three days later, the court rendered the order for which review is presently sought.
Based on this sequence of events, we conclude that by referring Sims for consideration of disciplinary proceedings without awaiting his reply to the Department’s initial response in which the referral request was made, the Department’s supplemental response, or Sims’ reply thereto, the circuit court departed from the essential requirements of law.[1] Cf. Bard v. Wolson, 687 So.2d 254 (Fla. 1st DCA 1996). Accordingly, the portion of the circuit court’s order directing that a copy thereof be delivered to DOC for consideration of appropriate sanctions pursuant to section 944.279(1), Florida Statutes, is QUASHED, and the matter is remanded for any further proceedings the lower tribunal deems warranted.
LEWIS, C.J., BENTON and RAY, JJ., concur.

. Although this is a matter for the circuit court to determine if it elects to conduct further proceedings on remand, it appears that had Sims been given the opportunity to respond to the Department's suggestion that sanctions were warranted, he could have articulated a colorable basis for concluding otherwise.